```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS DANIELS,

                    Petitioner,             08 CV 5567 (DAB)
  -against-                             ORDER

WILLIAM BROWN,

                    Respondent.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    The Court is in receipt of <u>pro se</u> Petitioner Thomas Daniels' Motion to Appoint Counsel.

    The Court may in its discretion appoint counsel pursuant to 28 U.S.C. § 1915(e). This section provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Broad discretion, in accordance with sound legal principles, rests with the judge when deciding when to appoint counsel pursuant to this provision. <u>McDonald v. Head Crim. Court Supervisor Officer</u>, 850 F.2d 121 (2d Cir. 1988); <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986) (citing <u>Miller v. Pleasure</u>, 296 F.2d 283, 284 (2d Cir. 1961)). When deciding to appoint counsel the district court:

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be

more likely to lead to a just determination." Wenger v. Canastota Central School District, 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)); see also Cooper v. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989).

As the Second Circuit has emphasized, counsel for indigent litigants should not be appointed "indiscriminately." See Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997) (citing Cooper, 877 F.2d at 172-73). Once the Court has decided that Plaintiff's claims have substantial merit, the Court is to consider "the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper, 877 F.2d at 172.

At this time, the merits of Petitioner's claims for relief are not sufficiently clear to make this determination. Accordingly, Petitioner's instant application is DENIED WITHOUT PREJUDICE to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

SO ORDERED.

Dated:   New York, New York
         July 25, 2008

*Deborah A. Batts*
Deborah A. Batts
United States District Judge

2